UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS,
EASTERN DIVISION

|  |  |
|---|---|
| ROBERT L. NICHOLLS, and GWENDOLYN A. HOGAN-NICHOLLS, on behalf of themselves and all others similarly situated, <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>EMC MORTGAGE CORPORATION, and DOES 1 through 10 inclusive, <br><br>　　　　　　Defendants. | Civil Action No. 11-cv-12303 |

## NOTICE OF REMOVAL

Defendant EMC Mortgage LLC, formerly known as EMC Mortgage Corporation, ("EMC"), submits this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 et seq. and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, codified in relevant part at 28 U.S.C. § 1332(d)(2), to remove this action from the Superior Court for Suffolk County, Massachusetts, in which the case is now pending, to the United States District Court for the District of Massachusetts, Eastern Division.  In support thereof, EMC states the following:

1.　　　On or around November 30, 2011, Plaintiffs Robert L. Nicholls and Gwendolyn A. Hogan-Nicholls filed a class action complaint in the Superior Court for Suffolk County, Massachusetts, under Case No. SUCV2011-4355.  On December 1, 2011, EMC was served with the summons and a copy of the Complaint.  A copy of the summons and Complaint is attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

2.　　　This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within thirty days of EMC being served with the Complaint.  28 U.S.C. § 1446(b) ("The notice

of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim

for relief upon which such action or proceeding is based . . . ").

3.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(d)(2) because

district courts have original jurisdiction over any putative civil class action in which (a) any

member of the class of plaintiffs is a citizen of a State different from any defendants, and (b) the

matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  28

U.S.C. § 1332(d)(2).  CAFA applies to any civil action commenced on or after February 18,

2005.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the action

was originally filed in the Superior Court for Suffolk County, Massachusetts, which is within this

District, and the property at issue in this matter is located in this District.  Assignment to the

Eastern Division of the District of Massachusetts is proper because Plaintiffs allege that they

reside within the division.  *See* Local Rule 40.1(D) of the United States District Court for the

District of Massachusetts.

## PLAINTIFFS' ALLEGATIONS AND ALLEGED DAMAGES

5.      Plaintiffs are owners of a property located at 123-125 Washington Street, Boston,

Massachusetts 02121.  (Compl. para. 8.)  At all times relevant, Plaintiffs have been a resident of

Massachusetts.  (*Id.*)

6.      Plaintiffs assert that on December 31, 2008, January 31, 2009, February 28, 2009,

March 23, 2009, June 29, 2009, July 31, 2009, August 31, 2009, September 30, 2009, October

31, 2009, November 30, 2009, December 31, 2009, January 30, 2010, February 27, 2010, March

31, 2010 and April 30, 2010 (i.e., on fifteen different occasions), Plaintiffs were assessed late

fees in the amount of $94.96 (together totaling $1,424.40) for "payments that would have been timely and sufficient but for prior missed payments for which [they] had already been assessed a late fee." (*Id*. paras. 27-29.)

7.      Plaintiffs allege that this action is brought on behalf of a putative class of similarly situated Massachusetts residents "arising out of [EMC's] policy and practice of improperly charging late fees even though timely payments have been received on consumer home loans." (*Id*. paras. 1, 31.)  Plaintiffs purport to bring the following causes of action in their Complaint: (1) Consumer Fraud (*Id.* paras. 48-52), (2) Breach of Contract (*Id.* paras. 53-59) and (3) Unjust Enrichment (*Id.* paras. 60-64).

8.      Plaintiffs are seeking the following damages:

A.      General, special compensatory and incidental damages;

B.      Treble damages under the Massachusetts Consumer Protection Statute;

C.      Punitive Damages;

D.      Restitutionary disgorgement of all profits EMC obtained as a result of its unfair, unlawful and/or fraudulent business practices;

E.      Injunctive and declaratory relief;

F.      Attorneys' fees and costs; and

G.      Such other and further relief that this Court deems just and proper. (*Id.*, p. 12.)

## JURISDICTION PURSUANT TO CAFA EXISTS HERE

9.      As alleged, Plaintiffs' Complaint meets all the elements of CAFA jurisdiction: Plaintiffs allege a putative class action, minimal diversity between the parties, more than 100 putative class members and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

**Plaintiffs Allege a Putative Class Action**

10.     Plaintiffs filed their Complaint as a purported class action.  Plaintiffs allege that

"[t]his class action by Plaintiffs Robert L. Nicholls and Gwendolyn A. Hogan-Nicholls [], on

behalf of themselves and all other similarly situated Massachusetts residents and mortgagors,

against Defendant EMC Mortgage Corporation [] arising out of Defendants' policy and practice

of improperly charging late fees even though timely payments have been received on consumer

home loans."  (*Id*. para. 1.)

11.     Plaintiffs seek certification of the following class:

> All Massachusetts mortgagors with a note secured by a first or subordinate lien on
> a dwelling house of 4 or less separate households or on a residential condominium
> unit occupied or to be occupied in whole or in part by the mortgagor, who, from
> six years prior to the filing of the complaint to the date of judgment, have been
> charged a late fee by Defendants on any payment that would have been timely and
> sufficient but for previous payments in default for which the mortgagors were
> already assessed a late fee.

(*Id*. para. 7.)

**CAFA Numerosity is Met Here**

12.     The CAFA numerosity requirement is met in this case.[1]   The putative class

consists of more than 100 members as required under 28 U.S.C. § 1332(d)(5)(B).   Though

Plaintiffs do not allege a specific number of putative class members, Plaintiffs allege that "[t]he

persons in the class are so numerous that disposition of their claims in this case and as part of a

single class action lawsuit, rather than numerous individual lawsuits, will benefit the parties and

greatly reduce the aggregate judicial resources that would be spent." (Compl. para. 44.)  In

addition, EMC has identified at least 4,188 loans on properties in Massachusetts that were

---

[1]     EMC denies, however, that the numerosity requirement of Rule 23 is met here.
Instead, the information set forth herein is solely for purposes of establishing that the CAFA
numerosity requirement is satisfied, when taking the facts alleged in the Complaint as true solely
for purposes of this Notice.

assessed late fees between December 1, 2005 and March 31, 2011.  (*See* Ex. 2, Declaration of Nagamatsu, para. 4.)

**Diversity of Citizenship Exists**

13.     There is diversity of citizenship between the parties.

14.     EMC Mortgage Corporation was incorporated in Delaware with its principal place of business located in Texas.  On March 31, 2011, EMC Mortgage Corporation converted to a Delaware limited liability company and is now known as EMC Mortgage LLC.  EMC is a limited liability company with its principal place of business in Texas.  The citizenship of a limited liability company is determined by the citizenship of its members or owners.  *See Breakman v. AOL LLC*, 545 F. Supp. 2d 96, 102 (D.D.C. 2008).  EMC's only member is The Bear Stearns Companies LLC ("Bear Stearns").  Bear Stearns is a Delaware limited liability company with its principal place of business in New York, New York.  Bear Stearns' only member is JPMorgan Chase & Co.  JPMorgan Chase & Co. is incorporated in Delaware and its principal place of business is in New York, New York.  (Ex. 2, Declaration of Nagamatsu, para. 3.)  Thus, for purposes of assessing diversity jurisdiction, EMC is not a citizen of Massachusetts.

15.     Plaintiffs allege that they reside in Massachusetts, (Compl. para. 8), and based upon information and belief, Plaintiffs are citizens of Massachusetts.

16.     Thus, the requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2).

**The Amount in Controversy Exceeds $5,000,000**

17.     The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.[2]   *Id*.   Under Section 1332(d), as amended by CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue in the claims of all members of the putative class.   *Id*. § 1332(d)(6).

18.     Plaintiffs allege that EMC engaged in a "policy and practice" of "charg[ing] a late fee . . . on any payment that would have been timely and sufficient but for previous payments in default for which the borrowers were already assessed a late fee."  (Compl. paras. 1, 3, 7, 35.) Plaintiffs assert that this practice violates the Massachusetts General Laws Chapter 183, Section 59.  M.G.L.A. c. 183 § 59 (West 2011).  (Compl. paras. 2, 4, 30.)

19.     Between December 1, 2005 and March 31, 2011[3], EMC has identified at least 4,188 loans on properties located in Massachusetts that were assessed late fees.  (*See* Ex. 2, Declaration of Nagamatsu, para. 4.)  The late fees assessed total approximately $2,544,066.49. (*See* Ex. 2, *id.*, para. 5.)  This amount is in controversy because Plaintiffs' claims are predicated on allegations that EMC engaged in a "policy and practice of improperly charging late fees even though timely payments have been received on consumer home loans."  (Compl. para. 1.)

---

[2]  EMC denies that this case is appropriate for class treatment.  EMC further denies that it is subject to any liability and denies that Plaintiffs and/or the purported class will ultimately be entitled to recovery in any amount.  EMC does not admit that, if liability is found, it will exceed $5 million.  Instead, the figures set forth herein are solely for purposes of establishing that the CAFA amount in controversy requirement is satisfied, taking the facts alleged in the Complaint as true solely for purposes of this Notice of Removal.

[3]  EMC stopped servicing loans on March 31, 2011, and as of April 1, 2011, all loans serviced by EMC were transferred to JPMCB for servicing.

### *Trebling of Damages*

20.     In addition, Plaintiffs allege they are entitled to trebled damages under their claim for consumer fraud.  (Compl. paras. 38, 48-52; p. 12.)  Section 9 of the Massachusetts Consumer Protection Statute ("Consumer Protection Statute") provides that "if the court finds for the petitioner, recovery shall be in the amount of actual damages or twenty-five dollars, which is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation."  M.G.L.A. c. 93A § 9. Trebling the late fees assessed on loans on properties in Massachusetts totals $7,632,199.47 and thus further supports that the amount in controversy exceeds $5,000,000.  *See F.C.I. Realty Trust v. Aetna Cas. & Sur. Co.*, 906 F. Supp. 30, 32 n.1 (D. Mass. 1995) (explaining that treble damages "must be considered to the extent claimed in determining the jurisdictional amount").

### *Injunctive and Declaratory Relief*

21.     Plaintiffs also allege that they and the putative class are entitled to injunctive and declaratory relief in this case.  (Compl. para. 41; p. 12.); *see also* M.G.L.A. c. 93A § 9(3) ("[T]he court shall award such other equitable relief, including an injunction, as it deems to be necessary and proper").  Plaintiffs fail to articulate the type of injunctive and declaratory relief they are seeking but assert that they brought this action to stop EMC's practice of "assess[ing] additional late fees on subsequent timely payments unless the loan is current."  (Compl. paras. 1, 3.)  In an action for injunctive and declaratory relief, "the amount in controversy is measured by the value of the object in litigation."  *Van Doren v. Marion Conservation Comm'n*, Civ. A. No. 89-2596-Z, 1990 WL 154698, at *3 (D. Mass. Oct. 1, 1990); *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977).  Here, "the value of the object of the litigation" is the late fees that purportedly were wrongfully applied to borrowers' accounts.  As

discussed above, EMC assessed over $2.5 million in late fees to Massachusetts borrowers to which this injunction would purportedly apply. (*See* Ex 2, Declaration of Nagamatsu, para. 5.)

### Attorneys' Fees

22.     Plaintiffs also seek attorneys' fees. (Compl. p. 12.) Attorneys' fees are considered in calculating the amount in controversy where attorneys' fees are authorized by state statute. *Velez v. Crown Life Ins. Co.*, 599 F. 2d 471, 474 (1st Cir. 1979); *see also Ciardi v. F. Hoffman-La Roche, Ltd.*, No. Civ. A. 99-11936-GAO, 2000 WL 159320, at *1 (D. Mass. Feb. 7, 2000) ("Reasonable attorneys' fees can be included in an assessment of the amount in controversy when provided by statute."). In this case, Plaintiffs allege violations of Section 2 of the Consumer Protection Statute. The Consumer Protection Statute states that "[i]f the court finds in any action commenced hereunder that there has been a violation of section two, the petitioner shall . . . be awarded reasonable attorney's fees and costs incurred in connection with said action." M.G.L.A. 93A § 9(4). If successful in recovering the millions of dollars alleged to be at issue in this matter, it is reasonable to conclude that Plaintiffs will also seek attorneys' fees in excess of six figures.

23.     Adding all of these claimed putative class damages, as detailed above, the amount in controversy exceeds $5,000,000.

### CONCLUSION

24.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1453. The Court's jurisdiction is mandatory, not discretionary, under CAFA. 28 U.S.C. §§ 1332(d)(2) and 1332(d)(3).

25.     EMC will give written notice of the filing of this Notice of Removal to all parties, and will file a copy of this Notice of Removal with the Superior Court for Suffolk County, Massachusetts.

26.     A copy of any process, pleadings, or orders filed in the state court is attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

27.     Payment of the appropriate fees and costs for removal and docketing of this matter in federal court, if any, are tendered with this Notice.

**WHEREFORE**, Defendant EMC Mortgage LLC, formerly known as EMC Mortgage Corporation, respectfully requests that this action proceed in this Court as an action properly removed hereto.

Date:   December 23, 2011                         EMC MORTGAGE LLC

                                                  By:  /s/ Matthew A. Kane

                                                  Donn A. Randall, BBO# 631590
                                                  Matthew A. Kane, BBO# 666981
                                                  BULKLEY, RICHARDSON AND GELINAS
                                                    LLP
                                                  125 High Street
                                                  Oliver Street Tower, 16th Floor
                                                  Boston, MA 02110
                                                  Tel:  (617) 368-2500
                                                  Fax:  (617) 368-2525
                                                  Email: drandall@bulkley.com
                                                          mkane@bulkley.com

                                                  Danielle J. Szukala (*pro hac vice* anticipated)
                                                  Shana Shifrin (*pro hac vice* anticipated)
                                                  BURKE, WARREN, MACKAY
                                                    & SERRITELLA, P.C.
                                                  330 North Wabash Avenue, 22nd Floor
                                                  Chicago, Illinois 60611-3607
                                                  Telephone:     (312) 840-7000
                                                  Facsimile:     (312) 840-7900
                                                  Email: dszukala@burkelaw.com
                                                          sshifrin@burkelaw.com

## **CERTIFICATE OF SERVICE**

I, Matthew Kane, hereby certify that a true copy of the foregoing document was served upon counsel of record for the plaintiffs on December 23, 2011 via first class mail.

 /s/ Matthew A. Kane
Matthew A. Kane