# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| |  |
|---|---|
| ROBERT L. NICHOLLS, and GWENDOLYN A. HOGAN-NICHOLLS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EMC MORTGAGE CORPORATION, and DOES 1 through 10 inclusive,<br><br>Defendant. | Civil Action No. 11-cv-12303-PBS |

## [PROPOSED] ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court considers for final approval the settlement of this class action, which was initiated by Plaintiffs Robert L. Nicholls and Gwendolyn A. Hogan-Nicholls ("Plaintiffs") against Defendant EMC Mortgage Corporation, now known as EMC Mortgage LLC ("Defendant" or "EMC") (Plaintiffs and Defendant are collectively referred to as the "Parties"). The terms of the settlement are set forth in the Amended Settlement Agreement, together with the exhibits thereto (the "Settlement" or "Settlement Agreement").

This matter having come before the Court on March 5, 2014 for a scheduled Final Approval Hearing as set forth in the Parties' Settlement Agreement and the Court's Order for Preliminary Approval; and the Class Administrator having provided Class Members with due and adequate notice as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein, reviewed all objections to approval of the Settlement Agreement, and the Court having determined that the Settlement Agreement is fair, adequate and reasonable, and being otherwise fully informed and finding good cause therefore, the Court hereby ORDERS, ADJUDGES AND DECREES AS FOLLOWS:

    1.    **Court has Jurisdiction.** The Court has jurisdiction over the subject matter of this

1518588.1

proceeding (the "Action") and over all Parties to this proceeding, including all Settlement Class Members. In addition, the Court has personal jurisdiction over all Settlement Class Members with respect to this Action and the Settlement.

2. **Class Notice is Found Adequate.** As evidenced by the declaration submitted by the Garden City Group (the "Settlement Administrator"), all potential Settlement Class Members have received adequate notice and have been given an opportunity to exclude themselves from this Action.

The Class Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed settlement set forth in the Settlement Agreement, and fully satisfied the requirements of Federal Rules of Civil Procedure Rule 26(e) and the United States Constitutions (including the Due Process Clause), and any other applicable law. The Class Notice also provided due and adequate notice to Settlement Class Members of their right to exclude themselves from the Settlement, as well as their right to object to any aspect of the proposed Settlement.

The Court finds that the Proposed Notice specifically:

(a) identified the Plaintiffs and the Defendant, and described the lawsuit and the settlement classes in a straightforward manner;

(b) succinctly described the essential terms of the proposed settlement, and identified all parties against whom claims are being released;

(c) provided class members with information on how to opt-out of the Proposed Settlement Class and provided all applicable deadlines for such action;

(d) informed potential settlement class members that if they did not exclude themselves from the Proposed Settlement Class, and the settlement was approved, they would be bound by the resulting judgment; and

(e) instructed potential Settlement Class Members to contact class counsel to obtain more detailed information and provided information regarding counsel's fee and expense application.

1518588.1

Further, the Settlement Notice provided a link to a website that will be maintained by the Settlement Administrator that includes links to the long-form settlement notice and all pertinent pleadings in this Action.

3. **Class Certification is Granted.** For purposes of the Settlement of this Action, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Class defined in paragraph 5 below. Specifically, the Court finds that:

(a) The identities of the Settlement Class Members have been ascertained, and that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable;

(b) Plaintiffs and the Settlement Class share common questions of fact and law;

(c) Plaintiffs' alleged claims were typical of the claims of the Settlement Class;

(d) Plaintiffs have fairly and adequately protected the interests of the Settlement Class in that

    i. the interests of Plaintiffs and the nature of their alleged claims were consistent with those of the members of the Settlement Class,

    ii. there appeared to be no conflicts between or among Plaintiffs and the Settlement Class,

    iii. Plaintiffs continued to be active participants in both the prosecution and the settlement of the Action, and

    iv. Plaintiffs and the Settlement Class Members were represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex class actions involving banking issues; and

(e) Questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class and that a class-action resolution in the manner proposed by the Settlement would be superior to other available methods for a fair and efficient

adjudication of the Action. In making these preliminary findings, the Court considered, among other factors,

  i. the interest of the Settlement Class Members in individually controlling the prosecution or defense of separate actions,

  ii. the impracticability or inefficiency of prosecuting or defending separate actions.

(f) Certification of the Settlement Class consolidated numerous suits into a single suit which promotes well established public policy as held by the United States Supreme Court in *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974).

Based on the findings set forth in paragraph 3 above, the Court certifies a Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of all borrowers with loans secured by properties in Massachusetts who were assessed two or more late fees by EMC anytime on or after December 1, 2005 through March 31, 2011 (the "Class Period") and who are identified on the Class List.

Excluded from the Settlement Class are those persons within the scope of the Settlement Class who timely and validly requested exclusion from the Settlement Class. This Court hereby finds that only those individuals listed on Attachment "A" have validly opted out of the Settlement Class.

4. **Final Approval of Settlement is Granted.** The Court hereby finds that the Settlement is fair, reasonable and adequate, and in the best interests of each of the Parties and the Settlement Class Members. Representative Plaintiffs have satisfied the standards and applicable requirement for final approval of this class action Settlement under the Federal Rules of Civil Procedure and the United States Constitution.

The Court finds that the Settlement Agreement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations, including mediation; the Settlement Agreement was executed only after Class Counsel had conducted thorough and exhaustive discovery and more than two years of active litigation; Class Counsel and Defendant's counsel

have concluded that the Settlement Agreement is fair, reasonable and adequate; and Class Counsel and Defendant's counsel are reputable experienced attorneys in class actions involving banking issues.

In granting final approval of the Settlement, the Court considered the complexity, expense and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the response of the Settlement Class Members to the Settlement; the risks of establishing liability and damages; the risks of maintaining the class action through the trial; the ability of the defendants to withstand a greater judgment; and the range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation, to warrant sending notice of the Settlement to the Class.

The Court finds that:

 (a)  *Complexity, Expense & Likely Duration of Litigation.* Were litigation to have continued, Plaintiffs and Defendant would have vigorously litigated their respective claims and defenses. Both parties recognize that continued litigation would result in continued motion practice and that both parties will incur significant costs that could be avoided with the Settlement. Indeed, given the history of the case, continued litigation may have included discovery disputes and motions for summary judgment and/or summary adjudication. Accordingly, this factor weighs in favor of the Settlement.

 (b)  *Reaction of the Proposed Class to the Settlement.* The Settlement Class has been engaged in responding to the Settlement. According to the Declaration of the Garden City Group, Jennifer Keough, 3,912 unique Settlement Class Members were identified in the Class List. Of those Settlement Class Members, 549 did not have correct addresses and 475 were located with advanced address research and re-mailed. Of the 3,838 that received a notice by Mail zero objected, and two asked to be excluded.

 (c)  *Stage of Proceedings and the Amount of Discovery Completed.* Counsel on both

sides have completed sufficient work and discovery to ensure that the presentation made to the Court in the course of proposing the Settlement at issue is complete, thorough, and accurate.

(d) *Risks of Establishing Liability and Damages.* Defendant recognizes that continued litigation would result in possible liability and possible substantial damages. Class Counsel also recognizes the time and expense associated with motion practice regarding statute interpretation, including possible appeals. The Settlement provides immediate relief to all Parties. Counsel for both Parties agree that the Settlement is in the best interest of the Parties.

(e) *Risks of Maintaining Class Action Throughout the Litigation.* The statutory interpretation that underlies the Settlement Class claims has not been litigated. The absence of a court's statutory interpretation of the Settlement Class claims increases the risks of maintaining class certification throughout the litigation and favors the Settlement.

(f) *Ability to Withstand Greater Judgment.* The Settlement meets the Plaintiffs' most essential requests for relief, it provides for payment of a substantial portion of the late fees, and provides a waiver of any improperly assessed late fees that have not been paid. Defendant's ability to pay more does not make the Settlement less valuable to Settlement Class Members.

(g) *The Range of Reasonableness of Settlement in Light of Best Possible Recovery and All Attendant Risks of Litigation.* Based upon the evidence obtained during discovery, Plaintiffs' counsel estimates that the class will net between 62% and 100% of the late fees it alleges were improperly assessed, net of attorneys' fees, incentive payments and administrative costs. Continued litigation poses risks to Defendant. Both sides agree that the Settlement is in the best interest of all Parties. This factor favors final approval.

5. **Claims are Released.** As of the date of this Final Order, the Representative

1518588.1

Plaintiffs and all Settlement Class Members shall be bound by the releases set forth in the Settlement Agreement, regardless of whether such persons received any compensation under the Settlement Agreement. Except as to such rights or claims that may be created by the Settlement Agreement, all Settlement Class Members as of the date of this Final Order who did not timely exclude themselves are hereby forever barred and enjoined from prosecuting or seeking to reopen the Settled Claims, and any other claims released by the Settlement Agreement, against the released parties.

Neither the Settlement Agreement nor any of the terms set forth in the Settlement Agreement are admissions by Defendant of liability on any of the allegations alleged in the Action, nor is this Final Order a finding of the validity of any claims in the lawsuit, or of any wrongdoing by Defendant.

6. **Plaintiffs Appointed as Class Representatives.** The Court reaffirms its appointment of Plaintiffs Robert L. Nicholls and Gwendolyn A. Hogan-Nicholls as representatives of the Class ("Class Representatives").

7. **Incentive Awards Granted to Class Representatives.** The Court also hereby approves the payment of a total sum of $3,000 to be paid from the Settlement Fund to the Class Representatives to compensate them for their participation as Class Representatives. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

8. **Kabateck Brown Kellner LLP, Block & Leviton LLP, Cohen Milstein Sellers & Toll PLLC, The Wentz Law Firm and Appointed Class Counsel.** The Court finds that, as required by Fed. R. Civ. P. 23(g), Class Counsel has fairly, adequately, and competently represented the interests of the Settlement Class throughout this litigation. The Court finds that Class Counsel, in its representation of the Settlement Class, has complied with the applicable Rules of Professional Conduct. The Court, having considered all objections, and based on its review of the experience of Block & Leviton LLP, Cohen Milstein Sellers & Toll PLLC, The Wentz Law Firm, and Kabateck Brown Kellner LLP, reaffirms its finding that they:

(a) have done appropriate work identifying or investigating potential claims in the action and litigating those claims to date, including reaching the settlement now before the Court;

(b) are experienced in handling class actions;

(c) have demonstrated that they are knowledgeable of the applicable law;

(d) have committed the necessary resources to represent the Settlement Class; and

(e) have responded appropriately, competently, and in accordance with the Rules of Professional Conduct to Settlement Class members' requests for information and documentation related to this action.

The Court therefore find that Class Counsel is qualified, reputable counsel who are experienced in preparing and prosecuting large, complex class actions involving banking issues. Based on the foregoing, the Court reaffirms its appointment of Kabateck Brown Kellner LLP, Block & Leviton LLP, Cohen Milstein Sellers & Toll PLLC, The Wentz Law Firm as Class Counsel ("Class Counsel").

9. **Attorney's Fees Granted to Class Counsel.** Pursuant to the terms of the Settlement Agreement, and the Authorities, evidence, and argument set forth in Class Counsel's application, the Court hereby finds that an award of attorneys' fees in the amount of $185,000 and costs in the amount of $21,989.63 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted.

1518588.1

The Court finds that Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The payment of fees and costs to Class Counsel shall be made by Defendant in accordance with the terms of the Settlement Agreement.

10. **Class Administration Costs.** The Court hereby approves the payment of the reasonable costs of administration to the Garden City Group associated with the performance of its duties of $26,041.74. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement Agreement.

11. **Settlement Fund Ordered Disbursed.** The Court approves and orders the disbursements of the Settlement proceeds be made and administered to all borrowers with loans secured by properties in Massachusetts who were assessed two or more late fees by EMC during the Class Period and who are identified on the Class List and did not opt-out.

Defendant is required to make all payments and/or take all actions necessary to support the disbursement of Settlement proceeds in accordance with the terms of the Settlement Agreement.

Without affecting the finality of the Settlement Agreement or accompanying Judgment, this Court shall retain exclusive and continuing jurisdiction over the Parties, including all Settlement Class Members, relating to this action and the administration, consummation, enforcement and interpretation of the Settlement Agreement, this Final Order, the Final Judgment, and for any other necessary purpose.

The terms of the Settlement Agreement, this Final Order, and the accompanying Final Judgment are binding on the Representative Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings, whether known or unknown, as set forth in the Settlement Agreement.
The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modification and expansions of, the Settlement Agreement, as are in wring and signed by the parties' counsel and are consistent with this Final Order.

There is no reason to delay the enforcement of this Order and the accompanying Judgment.

**IT IS SO ORDERED.**

DATED: 3|5|2014

Honorable Chief Judge Patti B. Saris
United States District Judge

1518588.1

Attachment "A"

The following two individuals submitted requests to exclude themselves from the class settlement:

1. Michael F. McGuire
   9 Lisa Drive
   Taunton, MA 02780-1407
2. Kendal B. Price
   9 Ravenna Road
   West Roxbury, MA 02132

1518588.1